IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | |
|---|---|
| GILBERTO MARTINEZ-MARMOL, <br> ADC #151776 <br>          Petitioner, <br> v. <br> <br> WENDY KELLEY, Director, <br> Arkansas Department of Correction <br> <br>          Respondent. | No. 5:16CV00045-JJV |

**MEMORANDUM AND ORDER**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by Gilberto Martinez-Marmol, an inmate in the Arkansas Department of Correction (ADC). (Doc. No. 1.)

**I.  BACKGROUND**

On January 25, 2012, a Washington County Circuit Court found Mr. Martinez-Marmol guilty of three counts of rape and sentenced him to twenty-five years' imprisonment on each count to run concurrently. (Doc. No. 10-2 at 101-07.) At trial, the state presented evidence of Mr. Martinez-Marmol's guilt with testimony from the victim's mother, the victim, a sexual assault nurse examiner, the detective who took Mr. Martinez-Marmol's statement, and the investigator who interviewed the victim. (Doc. No. 10-1.) During the investigation, Mr. Martinez-Marmol provided a confession to the police, and this statement was recorded with video and audio. Mr. Martinez-Marmol does not speak English so a bilingual detective took his statement. Although the state prepared a transcript of this statement, a court-certified translator did not transcribe it. Prior to trial the defense filed a motion in limine to exclude the transcript, and the court granted that request. (Doc. No. 10-2.)

The transcript was not allowed into evidence, but the detective was allowed to testify to his

1

first-hand knowledge of the conversation.  (*Id*. at 156.)  The detective testified that before the confession, the detective read Mr. Martinez-Marmol his rights and had him sign a form stating he understood those rights.  (Doc. No. 10-3 at 164.)  The detective then asked Mr. Martinez-Marmol to explain what happened between him and the victim.  The detective testified that Mr. Martinez-Marmol admitted to raping the victim three times.  The first time was in February 2010, and it happened when "he got off work around 1 a.m. and on that specific incident, he said that him and the victim were on the couch when the seven-year-old got on top of him and took her panties off and started rubbing herself against him and he said that he kissed her on the mouth and breasts and he also admitted to penetrating her with his finger."  (*Id*. at 168-69.)  Later on in the interview, Mr. Martinez-Marmol "admitted to [the detective] that he had also penetrated her vagina with his penis on this first occasion at the end of February."  (*Id*. at 169.)  Specifically he said, " . . . he inserted the tip of his penis into her vagina for about five minutes and then he pulled it out before ejaculating."  (*Id*.)

Although the detective could not remember the time of the second incident, he testified that Mr. Martinez-Marmol and the victim "were laying down and that she provoked him into having sexual intercourse with him again.  He said that during this incident that he placed the tip of his penis inside her vagina, that he pulled his penis out prior to ejaculating into his hand.  [The detective] asked him if he ejaculated – if he might have ejaculated on her, on her vagina, and he said he felt maybe he did."  (*Id*. at 170.)  He also "kissed her on the mouth and fondled her breasts with his hands."  (*Id*. at 171.)

The third incident happened around mid-March 2010.  While the victim's mother was grilling outside, "the victim stood in front of him and started rubbing up against him with her backside."  (*Id*.)  Mr. Martinez-Marmol "checked outside the door to make sure nobody was in the

apartment, nobody was around and then he said that he penetrated her vagina with his finger and he also rubbed his penis against her vagina between her legs until he ejaculated. He also admitted to kissing her on the mouth, the breasts and fondling her breasts as well." (*Id.*) The final incident occurred in June or July 2010, while the victim's mother was in the kitchen cooking. Mr. Martinez-Marmol "fondled her breasts with his hands." (*Id.* at 172.) At the conclusion of the interview, the detective told Mr. Martinez-Marmol that he was under arrest to which Mr. Martinez-Marmol responded, ". . . it wasn't his fault, that it was her fault, that she was the one that came on to him . . ." (*Id.* at 174.)

After his conviction, Mr. Martinez-Marmol appealed based on the introduction of his confession, but the Court of Appeals affirmed, finding that issue was not preserved for appeal. *Martinez-Marmol v. State*, 2013 Ark. App. 243. On July 3, 2013, he filed a *pro se* Rule 37 petition (Doc. No. 10-9) and received a hearing on February 19, 2015. (Doc. No. 10-10.) On February 26, 2015, the trial court dismissed the Rule 37 petition. (Doc. No. 10-11.) Mr. Martinez-Marmol attempted to appeal the ruling, but his appeal was untimely so the Arkansas Supreme Court declined to lodge the appeal. (Doc. No. 10-13.) He filed the current Petition on February 19, 2016. (Doc. No. 1.) Respondent argues the Petition is barred by the one-year Antiterrorism and Effective Death Penalty Act (AEDPA) statute of limitations and also that his claims are procedurally defaulted. (Doc. No. 10.) For the following reasons, I find this Petition is time-barred.

**II.   ANALYSIS**

Title 28 U.S.C. §§ 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

3

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For Mr. Martinez-Marmol that date was May 6, 2013, eighteen days[1] after his conviction was affirmed by the Arkansas Court of Appeals. Factoring in all tolling, Mr. Martinez-Marmol's AEDPA statute of limitations expired on December 30, 2015. Mr. Martinez-Marmol's Petition was filed February 19, 2016, a month and a half passed the deadline.

28 U.S.C. § 2244(d)(2) allows the statute of limitations to be tolled when a "properly filed" application for post-conviction review is pending. For Mr. Martinez-Marmol the statute of limitations began to run May 6, 2013. It continued to run for fifty-eight days until July 3, 2013, when he filed his Rule 37 petition. Because Mr. Martinez-Marmol did not file a timely appeal of

---

[1] "A petition to the Supreme Court for review of a decision of the Court of Appeals must be in writing and must be filed within 18 calendar days from the date of the decision . . ." Ark. Sup. C.R. 2-4 (a). Because the eighteenth day fell on Sunday, May 5, 2013, Mr. Martinez-Marmol's statute of limitations began running on May 6.

4

the Rule 37, the statute of limitations began running again on February 26, 2015, when the trial court ruled on the Rule 37. It ran for 358 days until February 19, 2016, when Mr. Martinez-Marmol filed the current Petition. Given this information, Mr. Martinez-Marmol filed his Petition fifty-one days out of time.

Additionally, Mr. Martinez-Marmol has provided no basis for either equitable tolling or actual innocence. Therefore, his Petition is barred by the AEDPA statute of limitations and must be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); see also *Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). In this case the Petition is barred by the statute of limitations. Therefore, no certificate of appealability should be issued.

### IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Martinez-Marmol's cause of action is DISMISSED and a certificate of appealability is DENIED.

SO ORDERED this 28th day of July, 2016.

                                                                             _____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE